## NEWELL & WILLIAMS *vs.* EL DORADO COUNTY.

*Eleventh Judicial District Court, Jan.* 1856.

POWER OF SUPERVISORS—ADDITIONAL COUNSEL.

A Board of Supervisors have no power under the present Statute to contract for the employment of additional counsel to prosecute criminals in the County. It is not such a contract as the law admits. It rests solely with the District Attorney to attend to criminal cases and a contract to pay additional counsel is void for want of authority.

Newell & Williams sued El Dorado County for $5000 for services rendered at the request of a former Board of Supervisors, in the prosecution of certain parties charged with the crime of murder. They presented their account to the present Board who allowed a thousand dollars of the amount, and refused to allow the residue ; whereupon this suit was brought. The defendant demurred on the ground that the Board of Supervisors had no authority to make such a contract as the one declared on, so as to bind the county.

*Newell & Williams,* in person.

*Sanderson & Hewes,* for defendant.

HOWELL, J.—In support of the demurrer it is urged that inasmuch as the County is a *quasi* Corporation organized for the purposes of government, and the Board of Supervisors its managing agent, the Supervisors can exercise no other or further powers than those expressly conferred by Statute, and that the Statute confers no power to make this contract.

The Act of 1855, under which the Board was organized and acted, confers the following power : " To control the prosecution and defense of all suits to which the County is a party." (12th Sub. Sec. 8.) " To examine, settle, and allow all accounts legally chargeable against the County ;" (2d Sub. Sec. 9,) " and to do and perform all such other acts and things as may be *strictly* necessary to the full discharge of the powers and jurisdiction conferred on the Board." (13th Sub. Sec. 9.)

In the 16th Sec. of the Act is contained the following restriction :

"The Board of Supervisors shall not for any purpose contract debts or liabilities except those fixed by or in pursuance of law."

The 5th Sec. 11th Article of the Constitution declares that "the Legislature shall have power to provide for the election of a Board of Supervisors in each County, and these Supervisors shall jointly and individually perform such duties as may be prescribed by law."

If the Board possessed the power to make the contract, it was derived from the foregoing provisions of the Statute and the Constitution. The Board is the creature of the Statute, and has no power or jurisdiction beyond what it confers. This position has not been controverted, nor could it be successfully. It is established by the whole tenor of our judicial decisions, by the general consent and acquiescence of the people, and by numerous decisions in other States upon similar statutes.

Then what power and jurisdiction do these Statutes directly or by necessary implication confer?

1st. "The Board can control the prosecution and defense of all suits to which the County is a party."

The plaintiffs contend that the prosecution against Mickey Free and others, in which they rendered their services, is a suit in which the County is a party, within the meaning of this Statute, because in such cases the County may be made liable for costs if the prosecution fails.

This, I must confess, is a new interpretation of its provision and one that I have not before heard given. If prosecutions for murder, grand larceny, &c., in the name of the "People of the State of California," as they must be by the Constitution, are suits to which the County where they are prosecuted, is a party, and liable to be controlled by the Board of Supervisors, the Court of Sessions, the District Court, and District Attorney in the exercise of the powers conferred upon them in criminal cases, might find themselves in a very awkward and embarassing position, in consequence of the sudden appearance of some order from the Board controlling matters confided to their care or jurisdiction

But the truth is, that the Legislature never intended any such thing, as is plainly inferrable from the language of the Act itself, and from the whole tenor of our criminal code. Such a power resting in the Board of Supervisors would lead to the most direful conflicts, confusion and discord.

If they possessed a power of this description, certainly, as has been argued for the plaintiffs, they could employ Attorneys to conduct such cases, and the County would be liable for their services.   But as they do not, the validity of their contract, if it possesses any, cannot be based upon any authority growing out of this clause of the Statute.

But it is said that, independent of this clause, it is the duty of the County to see to the prosecution of all offenses committed within its limits ; that criminals are brought to justice ; and that the laws are properly administered and vindicated ; and that, in the exercise of this duty, and to the end that it may be properly executed, if it should become necessary to employ counsel, their services would become a county charge to be audited and allowed by the Board of Supervisors.

To a limited extent this is true.   As a *quasi* corporation, constituted for the purposes of government, it is the duty of the County to see that the laws are executed and criminals punished ; but in the exercise of this duty, it goes no farther and can go no farther, that to furnish the money, officers and agents, necessary to accomplish the object.   In the performance of this duty each County is restricted and controlled within certain limits, and those are fixed by Statute.   It, too, is created by Statutes, they are its charter and beyond their provisions it cannot go.   It possesses no power except such as has been expressly delegated and such as may be necessary to carry into effect the delegated powers.

In looking to the Statutes for the purpose of ascertaining the extent of these powers, and the manner in which they are exercised, we find that Counties, like other corporations, conduct their affairs by means of certain officers, and these have certain duties assigned them, covering the whole field of criminal prosecutions.   A Grand Jury is provided for the purpose of enquiring into public affairs and of finding presentments and indictments.

They have an officer to consult and to advise with, and one to execute their commands.   They can send for persons and papers, and compel by attachment the attendance of witnesses.   A District Attorney is paid a liberal salary to attend to the prosecution of all criminal cases, and he too can subpœna witnesses and compel their attendance.  District Courts and Courts of Sessions are provided for the trial of such

cases, with ample jurisdiction and all of the machinery necessary to their complete determination.

The theory of the law is, that these officers and their deputies are able and competent to discharge, to the satisfaction of the public and in such a manner as to meet its demands, all of the various duties that have been imposed upon them. If the Legislature has made a mistake, it is not the fault of the County or of the Board of Supervisors, any more than it would be of an agent who had not been clothed with powers sufficiently ample to attend properly to the interests of his principal. Again, " the Board shall have and exercise the power and jurisdiction heretofore conferred on the Court of Sessions, except in criminal cases," &c.   Acts '55 p. 51.

Upon an examination of the Statutes it will be found that the Courts of Sessions exercised, and were clothed with the same power and jurisdiction in County matters, that are now conferred on the Board of Supervisors, and none other—and that they acted under the same limitations and restrictions. This clause then gives no greater power or authority than those already referred to. It serves to show, however, that it was not the intention of the Legislature to give to the Board any criminal power or jurisdiction, by expressly prohibiting it to them. The Courts of Sessions did heretofore and still do, control criminal cases, but this power is forbidden to the Board of Supervisors.

The Board may " examine, settle and allow all accounts legally chargeable to the County."

The law does not give to the Board a *general* supervisory control over the affairs of the County. It can only make orders respecting the property of the County, examine, settle and allow accounts legally chargeable to the County, levy taxes, audit the accounts of officers, lay out and control roads and highways, &c., take care of the sick, divide the County into townships and establish election precincts, control and manage the property of the County, sell certain property at public auction, cause Court houses and jails to be erected, control the prosecution and defense of suits for and against the County, and lastly, do and perform all such other acts and things as may be *strictly* necessary to the full discharge of the powers and jurisdiction conferred on the Board. From these positions it will be seen that in my estimation the Board possess no power to make the contract, and if so it cannot

settle and allow the plaintiff's account, for the reason that it is not a debt or liability fixed by or contracted in pursuance of law, and is therefore not legally chargeable to the County.